IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCELINO BERUMEN (04)<br>SHY ANNE ROGERS (05)<br>JOHN ERIC RETIZ (06)<br>DUSTY RAQUEL DUDLEY (07)<br>CHRISTOPHER DALE CROMWELL (08)<br>GLORIA ELIZABETH AGUILAR (09) | Case No. 6:20-CR-97<br>JUDGES JCB/JDL |

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
### AS TO DISCOVERY DISCLOSED TO THE DEFENSE

Some of the discovery materials that the Government intends to provide to the defendants in this case contain sensitive and private personal identification information for co-defendants and individuals who are not defendants in this case, including (for example) names, addresses, social security numbers, and birthdates. Additional materials provided may contain information that could permit someone to learn the identity of other government witnesses, including confidential informants, which may jeopardize their safety. Other materials contain information regarding ongoing investigations that could be significantly compromised should those facts be disclosed without restrictions. Accordingly, the government requests that the Court issue a Protective Order governing the use and disclosure of these discovery materials.

## BACKGROUND

1. On December 16, 2020, a federal grand jury for the Eastern District of Texas returned a six-count indictment against the defendants in this case charging a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and distribution of a controlled substance (methamphetamine), a Schedule II controlled substance, four counts of violations of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, and one count of a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

2. During the course of the investigation leading to this indictment, the government obtained material containing sensitive and private personal identification information for a number of individuals, including their names, addresses, social security numbers, and birthdates.   The government also developed and utilized multiple witnesses, including confidential informants, whose safety could be greatly imperiled if information contained in the discovery is disclosed.   This information appears both in paper form and by information and in electronic format.

3. The government respectfully requests that the Court issue a Protective Order implementing the terms stated below to ensure the continued confidentiality of the information identified in paragraph two.

4. The requested relief is narrowly tailored to ensure that the confidential information identified in paragraph two will remain protected.

## REQUESTED TERMS

5. The parties request the application of the following terms in the Protective Order:

  a. Among other discovery materials, the government will provide counsel for defense ("Defense Counsel") with the following (collectively called "Protected Discovery Material"): a copy of a compiled set of documents prepared by the case agents uploaded to the government's secure discovery portal, USAfx and/or copied onto electronic storage media provided by Defense Counsel. All material disclosed by the government in this case to Defense Counsel falls within the scope of the proposed order and is referred to below as "Protected Discovery Material";

  b. Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, appeal, or other related legal proceedings) and for no other purposes;

  c. Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) the Defendants, for the sole purpose of assisting in the preparation of his defense and only in the presence and under the direct supervision of Defense Counsel; (iii) such members of Defense Counsel's staff as are necessary for the purposes outlined above and only while these staff members are operating under the direct supervision and control of

Defense Counsel; and (iv) any expert or investigator hired to assist Defense Counsel for the purpose of defendant the pending charges against defendant.

      d.      Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material.   Defendants may not print, copy, or duplicate the Protected Discovery Material;

      e.      Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case;

      f.      Upon termination of this matter, Defense Counsel is permitted to retain a copy of the Protected Discovery Material, but this retention is subject to the terms and restrictions of this Protective Order.

## **CONCLUSION**

Based on the foregoing, the government and Defendant respectfully request that the Court issue a Protective Order governing the use and disclosure of the Protected Discovery Material.

Respectfully Submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

/s/ *D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney
Texas Bar Number 24046307
110 N. College Avenue, Suite 700
Tyler, Texas 75702
(903) 590-1400
Ryan.Locker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically served a true and correct copy of this document using the Court's CM/ECF system to all counsel of record.

/s/ *D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that on or about the date of the filing of this motion I have conferred with opposing counsel related to the filing of this motion and the content of the proposed order, and opposing counsel have responded as follows:

Brandt Thorson, counsel for MARCELINO BERUMAN: UNOPPOSED
Jason Cassel, counsel for SHY ANNE ROGERS: UNOPPOSED
Tom McClain, counsel for JOHN ERIC RETIZ: UNOPPOSED
Bobby Mims, counsel for DUSTY RAQUEL DUDLEY: UNOPPOSED
Charles Van Cleef, counsel for CHRISTOPHER DALE CROMWELL: UNOPPOSED
Jason Parrish, counsel for GLORIA ELIZABETH: UNOPPOSED

      The government does not believe that the remaining defendants have counsel at this time because they have not been apprehended.   The government intends to confer with newly retained or appointed counsel about this matter immediately upon notification of representation.   Should any future counsel object to the terms of the proposed order, counsel for the government intends to bring this to the attention of the Court immediately so that the matter may be properly considered by the Court in light of the grounds for the objection.

                                                    /s/ *D. Ryan Locker*
                                                    D. RYAN LOCKER
                                                    Assistant United States Attorney